IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **LISA COX,** § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 5:23-cv-00254 |
| § | |
| **NCI-NATIONWIDE CREDIT INC AND** § | |
| **JP MORGAN CHASE,** § | |
| § | |
| *Defendants*. § | |
| § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant JP Morgan Chase ("***Chase***"), more properly identified as JPMorgan Chase Bank, N.A., pursuant to 28 U.S.C. §1446, hereby files this Notice of Removal of the state-court civil action described below on the basis of federal question jurisdiction. As grounds for removal, Chase respectfully states the following:

### I. INTRODUCTION

1. On or about February 3, 2023, plaintiff Lisa Cox ("***Plaintiff***") filed her Original Petition against Chase (the "***Complaint***"), numbered and styled as *Lisa Cox vs. NCI-Nationwide Credit Inc et al.*, Cause No. JSC2-1507, in the Justice Court, Precinct 2, of Guadalupe County, Texas ("***State Court Action***"). In the State Court Action, Plaintiff asserts claims against NCI-Nationwide Credit Inc. ("***NCI***") and Chase.

2. Specifically, in the Complaint, Plaintiff alleges that Chase is vicariously liable for NCI's purported violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("***FDCPA***").

3.      In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the State Court Action and obtained by Chase are attached hereto and marked as **Exhibit "A"** and incorporated herein by reference.

## II.  TIMELINESS OF REMOVAL

4.      Plaintiff filed her Complaint on or about February 3, 2023.   Chase was served with citation of Plaintiff's Complaint on February 7, 2023 and filed its answer on February 21, 2023.  Under information and belief, NCI has not been served.  Therefore, pursuant to 28 U.S.C. §1446(b)(1), this notice of removal is timely.[1]

5.      No orders have been entered and trial has not commenced in the State Court Action as of the filing of this Notice of Removal.

## III.  BASIS FOR REMOVAL – FEDERAL QUESTION JURISDICTION

6.      Removal is proper because Plaintiff's claims in the Complaint present a federal question. 28 U.S.C. §§ 1331 and 1441(a).  Specifically, Plaintiff asserts a claim and seeks damages against Chase for alleged violations of the FDCPA, over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. By virtue of this pleaded claim, the Court has federal question jurisdiction over this case.

---

[1] *See* 28 U.S.C. § 1446(b)(1). *See also Thompson v. Deutsche Bank Nat'l Tr. Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S.Ct. 1322, 143 L.Ed. 448 (1999) (the federal removal and jurisdiction statutes "clearly provide that a defendant's right to removal runs from the date on which it is formally served with process.").

**ADDITIONAL REQUIREMENTS**

7.  Venue is proper in the United States District Court for the Western District of Texas, San Antonio Division, because this district and division include Guadalupe County, Texas, the location where the State Court Action is currently pending.[2]

8.  Promptly after the filing of this Notice of Removal, Chase shall give written notice of the removal to Plaintiff and will file a copy of this Notice of Removal with the Justice Court Clerk of Guadalupe County, Texas.

9.  This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11.[3]

10. Plaintiff has not demanded a jury trial in her Complaint.

11. In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Chase respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

For the above reasons, having satisfied the requirements for removal, Chase gives notice that cause no. JSC2-15077 originally filed in the Justice Court, Precinct 2 of Guadalupe County, Texas, has been removed to this Court.

---

[2] 28 U.S.C. § 124(d)(4) (stating that the San Antonio Division of the Western District includes Guadalupe County).
[3] *See* 28 U.S.C. § 1446(a).

        Respectfully submitted,

By: */s/ Helen Mosothoane*
    **GREGG D. STEVENS**
    Texas Bar No. 19182500
    **HELEN MOSOTHOANE**
    State Bar No. 24096191
    **MCGLINCHEY STAFFORD**
    Three Energy Square
    6688 North Central Expressway, Suite 400
    Dallas, Texas 75206
    Telephone: (214) 445-2445
    Facsimile:  (214) 445-2450
    gstevens@mcglinchey.com
    hmosothoane@mcglinchey.com

**ATTORNEYS FOR DEFENDANT**
**JPMORGAN CHASE BANK, N.A.**

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2023 a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing has been forwarded to all counsel of record as indicated below:

*Via First Class and CMRRR 9414 7266 9904 2207 9395 46*
Lisa Cox
2201 FM 1339
Kingsbury, TX 78638

*Plaintiff Pro Se*

        */s/ Helen Mosothoane*
        **HELEN MOSOTHOANE**